RUTHERFORD, respondent, *v.* TALENT, appellant.

MONEY LAID OUT AND EXPENDED — *Claim against estate.*— Money laid out and expended in favor of another, after his death becomes a claim against his estate, and must be presented to his executor or administrator for allowance.

EVIDENCE — *Exception to ruling must be reserved — Appeal.*— If competent evidence be rejected, the question of its admissibility should be presented to the appellate court by an exception taken at the time and properly saved. If no exception be taken to the action of the trial court in admitting evidence for a limited purpose, the supreme court will not review its action.

TRUST — *Creation of in property of another.*— One who does not own or have any interest in property cannot create a trust in the same in favor of another, or by verbal declarations validate an account of his against such other.

*Appeal from Second District, Silver Bow County.*

THE opinion states the facts.

F. W. COLE and J. T. BALDWIN, for the appellant.

STEPHEN DE WOLFE, E. W. & J. K. TOOLE and WILLIAM WALLACE, Jr., for the respondent.

WADE, C. J. In this action it appears that the plaintiff and respondent was the owner, in her own right, of a certain placer-mining claim, and that she had given the defendant and appellant authority to rent the same for her, and account for the proceeds. He accounted for a portion of the money received as rents, and failing to account for the balance, the respondent brought this action to recover the same. As a defense and counter-claim, the appellant set up an account for money expended by him for Adam Rutherford, the husband of the respondent, in representing certain quartz-mining claims, which had been conveyed by Rutherford to appellant for the purposes of sale, as alleged. Soon after such conveyance, and before any money had been expended by appellant on said claims, Rutherford died, and after the expenditure of the money, as stated in his account, the respondent was appointed administratrix of her husband's estate.

This statement of the facts conclusively shows that appellant had no defense to respondent's claim for rents. The appellant held the title to the quartz claims in trust for Rutherford in his life-time, and after his death in trust for his estate. The estate had not been administered. Claims against it ought to have been presented to the administratrix for allowance. If appellant had expended money in representing quartz claims for Rutherford, or for his estate, it became a charge against him or his estate, and should have been presented to the administratrix for allowance.

It was sought to create a trust in favor of respondent in this quartz-mining property, in order to make the money

expended thereon a charge against her, by certain letters
that passed between appellant and respondent concerning
the same, after the death of Rutherford, and before the es-
tate had been administered. How a trust could arise in
respondent's favor by any act of appellant concerning prop-
erty that he did not own or have any interest in, and which
at the time belonged to an unsettled estate, is more than
we can understand. But the letters in question were re-
ceived in evidence without objection, and, as stated in the
record, " were admitted by the court solely and for no other
purpose than to show that plaintiff was estopped from de-
nying that defendant had paid out the rent of the placer
mine in representing the quartz lodes mentioned in his said
account with her consent and approval." There was no ob-
jection or exception, for the reason that the letters were not
admitted and received in evidence for the purpose of estab-
lishing the alleged trust. No objection having been made
at the trial on this account, we have no means of determin-
ing whether the court erred in limiting and restricting the
evidence contained in the letters to the single point named.
A question of this kind cannot be raised in this court for
the first time. In most cases we review the decisions of
the lower court, and it does not appear that the letters were
offered in evidence for any other purpose than the one
mentioned. If competent evidence is rejected, the question
of its admissibility should be presented to the appellate
court by an exception taken at the time and properly saved.
"Appellate courts pass upon objections that are raised, and
properly saved, in the court below. The point of the ob-
jection and exception must be particularly and specifically
stated, and this to enable the trial court to correct its own
errors, and to enable the party to remove the objection, if
possible. For this reason, the rule is general that the ap-
pellate court reviews only what the lower court has passed
upon." *Story* v. *Black*, 5 Mont. 44.

A party cannot permit competent evidence to be rejected
without objection, and in the appellate court ask to have a

judgment reversed because competent evidence was not admitted when offered. One of the purposes of a motion for a new trial is to give the trial court an opportunity to review its own decisions, but unless there is an exception, this purpose would fail even in the lower court.

The letters not having been received in evidence for the purpose of establishing the alleged trust, we are relieved from any inquiry as to whether they do so or not. But without looking into the letters, it would be pretty safe to say that a person who did not own or have any interest in property could not create a trust in the same in favor of another while yet the property belonged to an unsettled estate, no matter how strong and favorable letters he may have written in his own behalf on the subject. And it would be equally difficult for a person so situated, by his own verbal declaration and testimony, to create a trust in another's favor in order to validate an account of his against such person. And that was the situation of the appellant.

If he had been the owner of the property, and clothed with the right to create a trust therein, he could have done so only by a written instrument, properly signed as required by the statute. R. S. 435, sec. 160.

If the appellant conveyed the property to respondent, then she became trustee for the estate, and such conveyance would not affect the rights of the parties.

If the appellant expended money for Rutherford he must look to the estate for his pay, and hand over to the respondent the money received for the rent of her property, which he confesses he collected for her, and has in his possession.

The judgment is affirmed, with costs.